IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-CR-29-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| WILLIAM DONNELL BARROW, | ) |
| | ) |
| Defendant. | ) |

On October 17, 2011, pursuant to a written plea agreement, William Donnell Barrow ("Barrow") pleaded guilty to conspiracy to distribute and possess with intent to distribute 28 grams or of cocaine base (crack), 500 grams or more of cocaine, and a quantity of marijuana. See [D.E. 22, 23]. On March 6, 2012, the court held Barrow's sentencing hearing. See [D.E. 31]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). [D.E. 31] 1. The court calculated Barrow's total offense level to be 31, his criminal history category to be III, and his advisory guideline range to be 135 to 168 months' imprisonment. See id. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Barrow to 114 months' imprisonment and five years of supervised release. See id. at 2–3.

On May 6, 2015, Barrow moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 35]. Barrow's new advisory guideline range is 108 to 135 months' imprisonment, based on a total offense level of 29 and a criminal history category of III. See Resentencing Report. Barrow requests a 91-month sentence based on his post-sentencing conduct. See id. at 2. On March 3, 2017, Barrow moved for a review of his case for harmless error and plain error. See [D.E. 37].

The court has discretion to reduce Barrow's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Barrow's sentence, the court finds that Barrow engaged in serious criminal behavior for a prolonged period of time. See PSR ¶¶ 1–12. Moreover, Barrow is a violent recidivist, with convictions for assault on a female (two counts), conspiracy to possess a controlled substance, possession with intent to sell and deliver cocaine (two counts), sell or deliver cocaine (two counts), and possession with intent to sell and deliver marijuana. See id. ¶¶ 14–21. Barrow also has performed poorly on supervision and has little work history. See id. ¶¶ 18, 21, 33–39. Finally, Barrow has taken some positive steps while incarcerated on his most recent federal conviction. See Resentencing Report 1; cf. Pepper v. United States, 562 U.S. 476, 490 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Barrow received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Barrow's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Barrow's motion for reduction of sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321. Likewise, the court denies as baseless Barrow's motion for a review of his case for harmless error

and plain error. The Assistant U.S. Attorney who handled Barrow's prosecution has not been disbarred.

In sum, the court DENIES Barrow's motion for reduction of sentence [D.E. 35], and DENIES Barrow's motion for a review of his case for harmless error and plain error [D.E. 37].

SO ORDERED. This 12 day of May 2017.

                                                        JAMES C. DEVER III
                                                        Chief United States District Judge